UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FEDERAL TRADE COMMISSION, and
STATE OF CONNECTICUT,

    Plaintiffs,

v.

TICKETNETWORK, INC.,
    a corporation; and

TICKET SOFTWARE, LLC,
    a limited liability company

    Defendants.

Case No. 3:14-cv-1046

Date July 24, 2014

## [STIPULATED] FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS TICKETNETWORK, INC. AND TICKET SOFTWARE LLC

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and the State of Connecticut ("State") (collectively "Plaintiffs"), filed a Complaint for Permanent Injunction and Other Relief against TicketNetwork, Inc., a corporation, and Ticket Software LLC, a limited liability company. The FTC brought its claims pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and the State brought its claims pursuant to the Connecticut Unfair Trade Practices Act ("CUTPA"), Chapter 735a of the Connecticut General Statutes, and more particularly for relief in accordance with C.G.S. §§ 42-110m and 42-110o for alleged violations of C.G.S. § 42-110b(a).

Plaintiffs and Defendants TicketNetwork, Inc. and Ticket Software, LLC stipulate to the entry of this [Stipulated] Final Judgment and Order for Permanent Injunction and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint alleges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and CUTPA, C.G.S. § 42-110b(a), in connection with the advertising, marketing, distribution and or sale of Resale Tickets to consumers.

3. Defendants admit, for purposes of this action only, the facts in the Complaint necessary to establish jurisdiction. Because this is a settlement, Defendants neither admit nor deny any of the other allegations in the Complaint.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree not to seek their own costs and attorneys' fees thereunder.

5. The parties waive all rights to appeal or otherwise challenge or contest the validity of this Order.

### ORDER

### DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. **"Clearly and prominently"** means:

    a. In print communications, the disclosure shall be presented in a manner that stands out from the accompanying text, so that it is sufficiently prominent, due to its type

   size, contrast, location, or other characteristics, for an ordinary consumer to notice, read, and comprehend it;

 b. In communications made through an electronic medium (such as television, video, radio, and interactive media such as the Internet, online services, and software), the disclosure shall be presented simultaneously in both the audio and visual portions of the communication. In any communication presented solely through visual or audio means, the disclosure shall be made through the same means through which the communication is presented. In any communication disseminated by means of an interactive electronic medium such as software, the Internet, or online services, the disclosure must be unavoidable. Any audio disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it. Any visual disclosure shall be presented in a manner that stands out in the context in which it is presented, so that it is sufficiently prominent, due to its size and shade, contrast to the background against which it appears, the length of time it appears on the screen, and its location, for an ordinary consumer to notice, read and comprehend it; and

 c. Regardless of the medium used to disseminate it, the disclosure shall be in understandable language and syntax. Nothing contrary to, inconsistent with, or in mitigation of the disclosure shall be used in any communication or within any document linked or referenced therein.

2. "**Defendants**" means TicketNetwork, Inc. and Ticket Software, LLC, also doing business as TicketNetwork Direct, and their successors and assigns.

3. **"Face Value"** means the price at which the Ticket is offered for sale by the primary seller in the normal course, including all attendant fees and charges imposed by or required to be collected by the venue, primary seller, or original ticket issuer, or other entity authorized by the venue, primary seller, or original ticket issuer, such as, pro-rata license fees, Ticket package fees, bundled add-on fees, services fees, taxes (state, municipal, venue renovation, entertainment, or other levies), or any other charges.

4. **"Partner Operator"** means any operator of a Resale Ticket Site for which Defendants provide Ticket inventory or Ticket inventory data feeds, process Ticket sales through Defendants' platform, and routinely provide a material portion of the customer service for Ticket orders.

5. **"Primary Ticket Site"** means an Internet webpage or Internet website owned or maintained by a venue, primary seller, original ticket issuer, or other entity authorized by the venue, primary seller, or original ticket issuer to sell Tickets at their current Face Value.

6. **"Relevant Complaint"** means a written or electronic complaint, independently created by an individual or representative of an entity, which reasonably can be interpreted as claiming that a Partner Operator has engaged in conduct violating any of the requirements in Parts I through III of this Order, whether or not the complaint accurately identifies the Partner Operator as the responsible party.

7. **"Resale Ticket(s)"** means any Ticket(s) sold by an individual or entity other than the venue, primary seller, original ticket issuer, or other entity authorized by the venue, primary seller, or original Ticket issuer to sell a Ticket at its current Face Value.

8. **"Resale Ticket Site"** means an Internet webpage or Internet website whose primary purpose is the offering of Resale Tickets for sale to the public.

9. **"Similar Advertising"** means search engine advertisements, Resale Ticket Sites, or other advertisements that use the same template or otherwise employ substantially similar physical layouts or placements of images or logos, with the exception of content unique to the specific venues, events, or performers being advertised.

10. **"Ticket(s)"** means any paper ticket(s) or electronically transmitted ticket(s) that entitles the bearer to admission to a live entertainment event, including, but not limited to, concerts, sporting events or games, theater performances, simulcast events, or exhibits.

I.

**PROHIBITED REPRESENTATIONS**

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, or promotion of Resale Tickets offered for sale through any Resale Ticket Site owned or operated, in whole or in part, by any Defendant, are permanently restrained and enjoined from:

A. Using the word "official," or any phrase containing the word "official," such as official website, official tickets, or official source, including any alternate spellings thereof, in search engine advertisements, actual or display URL's, websites, webpages, or any other forms of advertising for Resale Tickets or Resale Ticket Sites, except to the extent that the word "official" is part of the

        name of a venue, stadium, arena, theater, performing arts center, center, event, tour, performer, or sports team, or where a venue, stadium, arena, theater, performing arts center, center, event, tour, performer, sports team, primary seller, or original ticket issuer has authorized the Resale Ticket Site to sell Resale Tickets on its behalf; or

B.    Using the name of any venue, stadium, arena, theater, performing arts center, center, event, tour, performer, or sports team, including any partial or alternate spellings thereof, in any actual or display URL in any search engine advertisement for Resale Tickets or Resale Ticket Sites, except where: (1) such name is presented only within the subdirectory or subfile portion of such actual or display URL (i.e., after the top level domain and first "/"); or (2) the advertisement containing such actual or display URL clearly indicates through descriptors, brand names, business names (e.g., "TicketNetwork" or "TicketLiquidator"), the content of the offer, or other means, that the site is a ticket reseller not affiliated with such venue or other entity; and such advertising does not otherwise violate Part II of this Order.

## II.

### PROHIBITION AGAINST MISREPRESENTING RESALE TICKET SITES AS PRIMARY TICKET SITES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, or promotion of Resale Tickets offered for sale through any

Resale Ticket Site owned or operated, in whole or in part, by any Defendant, are permanently restrained and enjoined from misrepresenting, expressly or by implication, that a Resale Ticket Site is a Primary Ticket Site or that a Resale Ticket Site is offering tickets at Face Value, unless authorized by the venue, primary seller, or original ticket issuer, whether through:

- A.  The use of names (including alternate spellings thereof), images, photos, depictions, or illustrations of venues, stadiums, arenas, theaters, performing arts centers, centers, events, tours, performers, or sports teams in search engine advertisements, actual or display URL's, websites, webpages, or any other forms of advertising;
- B.  The use of terms such as box office, arena, stadium, theater, performing arts center, or center in any such advertising; or
- C.  Any other means.

Nothing in this Part shall prohibit the truthful and non-misleading use of any such names, terms, images, photos, depictions, or illustrations.

### III.

### PROHIBITION AGAINST FAILING TO DISCLOSE MATERIAL INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, or promotion of Resale Tickets offered for sale through any Resale Ticket Site owned or operated, in whole or in part, by any Defendant, are permanently restrained and enjoined from failing to disclose, clearly and prominently on (1) the ticket listing

page (i.e., where specific tickets are offered for sale) and (2) the payment authorization page of such site, that: (a) the site is a resale marketplace and not a venue or box office; (b) the Ticket price may exceed Face Value; and (c) the site is not owned by the venue, sports team, performer, or promoter (as applicable). *Provided that*, where a search engine advertisement contains an actual or display URL that sends a consumer directly to a website that offers tickets to a single venue, performer, team or event, then such information also shall be disclosed, clearly and prominently, on the initial page to which users are directed via such search link.

## IV.

## MONITORING OF PARTNER OPERATORS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, in connection with any Partner Operator's advertising, marketing, promotion, or sale of Resale Tickets through any Resale Ticket Site, shall, within sixty (60) days of service of this Order, establish, implement, and thereafter maintain policies, practices, and procedures that are reasonably designed to ensure that a Partner Operator does not misrepresent, directly or by implication, whether through an actual or display URL, website, webpage, search engine advertising, or other advertising or promotion, that a Resale Ticket Site is a Primary Ticket Site. Such policies, practices, and procedures shall, at a minimum, consist of:

    A.    Requiring a Partner Operator to enter into a written agreement which clearly and prominently states: the requirements of Parts I through III of this Order and the Partner Operator's obligation to comply therewith; the Partner Operator's obligation to take immediate action to correct any violation of the requirements of

      Parts I through III of this Order; and the disciplinary action that Defendants will take against the Partner Operator for failure to comply;

B.   Defendants' implementation and maintenance of a system for receiving and reviewing Relevant Complaints from customers, brokers, venues, Partner Operators, promoters, government entities, and Better Business Bureaus or similar non-profit entities. As a part of this system, Defendants shall require each Partner Operator and ticket broker doing business with them to promptly forward to Defendants a copy of each Relevant Complaint they receive from any source.

C.   Upon receipt of a Relevant Complaint, promptly providing such complaint to the Partner Operator responsible for the advertising at issue and notifying the Partner of its obligation to: correct the violations in the Resale Ticket Site(s) or related search engine advertisements that are the subject of the complaint; correct any such violations in Similar Advertising; and provide to Defendants a written or electronic certification identifying all such Similar Advertising and affirming that all such advertising has been corrected.

D.   Promptly taking appropriate disciplinary action upon determining that a Partner Operator has engaged in conduct that violates any of the requirements of Parts I through III of this Order. Appropriate disciplinary action shall incorporate escalating sanctions including:

    1. For a first violation: Defendants shall promptly disable access to Ticket inventory for the Resale Ticket Site(s) that were the subject of such complaint until the Partner Operator completes all of the actions required by Part IV.C herein;

2. For a second violation: Where a Partner Operator, within one year of a sanction imposed for its first violation, engages in a subsequent violation of any requirement set forth in Parts I through III of this Order, Defendants shall promptly disable access to Ticket inventory for the Resale Ticket Site(s) that were the subject of the complaint and require the Operating Partner, within seven business days, to complete all of the actions required by Part IV.C. Defendants, upon receipt of the Partner Operator's certification of compliance, shall disable all Ticket Resale Sites that were the subject of the second complaint, plus Similar Advertising sites, for a period of two weeks thereafter. In the event the Partner Operator fails to take such action within seven business days, Defendants shall disable access to Ticket inventory for all of such Partner Operator's Resale Ticket Sites until it completes all of the actions required by Part IV.C herein, and shall continue to disable access for a period of two weeks thereafter.

3. For a third violation: Defendants shall terminate the relationship with a Partner Operator in the case of a third such offense within one year of a sanction imposed for the second violation.

In order to allow for a reasonable time period to address complaints about similar conduct predating the Partner Operator's sanction for a first or second violation, complaints received about such conduct shall not constitute a "second" or "third" violation for purposes of this Part.

## V.

## STATE MONETARY RELIEF

IT IS FURTHER ORDERED that:

A. Defendant shall pay the State of Connecticut Seven Hundred Fifty Thousand Dollars ($750,000.00) no later than thirty (30) days after the date of entry of this Judgment. Said settlement payment shall be used by the State for complaint resolution programs, consumer education, and consumer protection enforcement and litigation, and shall be placed in, or applied to, accounts dedicated to those purposes. Defendant has no right to challenge any actions the State or its representatives may take pursuant to this Subsection.

B. Defendants relinquish dominion and all legal and equitable right, title, and interest in the funds that constitute such payment and may not seek the return of any portion of such payment.

## VI.

## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission and the State an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 3 years after entry of this Order, Defendants must deliver a copy of this Order to: (1) all of their principals, officers, directors, and LLC managers and members; (2) all of their personnel involved in the advertising, marketing, or promotion of

    Defendants' Resale Ticket Sites or any Partner Operator's Resale Ticket Sites; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission and the State as follows:

A. Within thirteen months after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury, in which it must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and the State may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of the other Defendant (if applicable); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order;

and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission and the State.

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, to the Commission and the State within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of any Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Each Defendant must submit to the Commission and the State notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission or the State required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal

Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: TicketNetwork, Inc., et al Consent Order.

F. Unless otherwise directed by a State representative in writing, all submissions to the State pursuant to this Order must be emailed to DCP.Commissioner@ct.gov and to attorney.general@ct.gov, or sent by overnight courier (not the U.S. Postal Service) to: Commissioner of Consumer Protection, 165 Capitol Avenue, Hartford, CT 06106 with a copy to the Attorney General, 55 Elm Street, Hartford, CT, 06106, sent by the same manner. The subject line must begin: TicketNetwork, Inc., et al. Consent Order.

## VIII.
## RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create the following records for 10 years after entry of the Order, and retain each such record for 5 years:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records for each person covered by Part VI.B (1) and (2) of this Order showing that person's: name; addresses; telephone numbers; job title or position; and dates of service (including, if applicable, the date of termination);

C. Records of all written or electronic complaints covered by Part IV.B above and refund requests received by Defendants concerning acts or practices subject to this Order, and any response;

D. Records demonstrating full compliance with each provision of this Order, including all submissions to the Commission and the State; and

E. Documents reflecting each materially different search engine advertisement, website, or other form of advertising that (1) contains representations covered by this order and (2) that also contains, or links the consumer to an advertisement that contains, an actual offer of Resale Tickets. Where the only material difference among such advertisements is the specific venue, sports team, or performer event being referenced, it will be sufficient to retain documents reflecting a representative set of advertisements, plus information sufficient to identify all the other events referenced in similar advertisements.

## IX.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, solely for the purpose of monitoring Defendants' compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission or the State, each Defendant must: submit additional compliance reports as set forth in Part VII.A, which must be sworn under penalty of perjury; appear for depositions; and produce documents pertaining to compliance with Parts I-IV of this Order for inspection and copying. The Commission or the State are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69. *Provided that*, with

respect to all requests made pursuant to Part IX.A, Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B. For matters concerning this Order, the Commission or the State are authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission and the State to interview any employee or other person affiliated with any Defendant who has agreed to such an interview on any matters regarding any conduct subject to this Order. The person interviewed may have counsel present, including counsel for the Defendants.

C. The Commission and the State may use all other lawful means to monitor Defendants' compliance with this Order, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1 or the State's lawful use of compulsory process, pursuant to any statute or regulation permitting the use of compulsory process, including section 42-110d of the Connecticut General Statutes.

## X.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this ___ day of _____, 2014.

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

| FOR THE FEDERAL TRADE COMMISSION: | FOR THE DEFENDANTS: |
|---|---|

*/s/ Mamie Kresses*
MAMIE KRESSES

*/s/ Dean C. Graybill*
DEAN C. GRAYBILL
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue
Room NJ-3212
Washington, DC 20580
Tel: (202) 326-3082 (Graybill)
      (202) 326-2070 (Kresses)
Fax: (202) 326-3259
dgraybill@ftc.gov; mkresses@ftc.gov

TICKETNETWORK, INC.

By: */s/ A. Mazur*
ANDRA MAZUR
Counsel and Corporate Secretary

TICKET SOFTWARE, LLC

By: */s/ A. Mazur*
ANDRA MAZUR
Counsel and Corporate Secretary of
TicketNetwork, Inc.,
the sole member of Ticket Software, LLC

**FOR THE STATE OF CONNECTICUT:**

*/s/ Jonathan J. Blake* (CT 22321)
JONATHAN J. BLAKE
Assistant Attorney General

*/s/ Matthew F. Fitzsimmons* (CT 26981)
MATTHEW F. FITZSIMMONS
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford CT 06105
Tel: (860) 808-5400
Fax: (860) 808-5593
Jonathan.Blake@ct.gov
Matthew.Fitzsimmons@ct.gov

*/s/ Edward J. Heath*
EDWARD J. HEATH
KATHLEEN E. DION
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax: (860 275-8299
eheath@rc.com; kdion@rc.com
Attorneys for Defendants
TicketNetwork, Inc. and
Ticket Software, LLC