FILED

AUG 12 P 4: 27

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

US DISTRICT COURT
HARTFORD CT

FEDERAL TRADE COMMISSION, and
STATE OF CONNECTICUT,

    Plaintiffs,

    v.

RYADD, INC.,
    a corporation;

RYAN J. BAGLEY,
    individually and as an officer of
    Ryadd, Inc.;  and

CHARLES A. LINEBERRY,
    individually and as an officer of
    Ryadd, Inc.

    Defendants.

Case No.  3:14-cv-1046

Date  July 24, 2014

## [STIPULATED] FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS RYADD, INC., RYAN J. BAGLEY AND CHARLES A. LINEBERRY

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and the State of

Connecticut ("State") (collectively "Plaintiffs"), filed a Complaint for Permanent Injunction and

Other Relief against Ryadd, Inc., a corporation; Ryan J. Bagley, individually and as an officer of

Ryadd, Inc.; and Charles A. Lineberry, individually and as an officer of Ryadd, Inc.  The FTC

brought its claims pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"),

15 U.S.C. §53(b) and the State brought its claims pursuant to the Connecticut Unfair Trade

Practices Act ("CUTPA"), Chapter 735a of the Connecticut General Statutes, and more

particularly for relief in accordance with C.G.S. §§ 42-110m and 42-110o for alleged violations

of C.G.S. §42-110b(a).

Plaintiffs and Defendants Ryadd, Inc., Ryan J. Bagley, and Charles A. Lineberry stipulate to the entry of this [Stipulated] Final Judgment and Order for Permanent Injunction and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint alleges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and CUTPA, C.G.S. §42-110b(a), in connection with the advertising, marketing, distribution and or sale of Resale Tickets to consumers.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorneys' fees.

5.      The parties waive all rights to appeal or otherwise challenge or contest the validity of this Order.

ORDER

DEFINITIONS

For the purpose of this Order, the following definitions apply:

1.  **"Clearly and prominently"** means:

    a.  In print communications, the disclosure shall be presented in a manner that stands out from the accompanying text, so that it is sufficiently prominent, due to its type size, contrast, location, or other characteristics, for an ordinary consumer to notice, read, and comprehend it;

    b.  In communications made through an electronic medium (such as television, video, radio, and interactive media such as the Internet, online services, and software), the disclosure shall be presented simultaneously in both the audio and visual portions of the communication.  In any communication presented solely through visual or audio means, the disclosure shall be made through the same means through which the communication is presented.  In any communication disseminated by means of an interactive electronic medium such as software, the Internet, or online services, the disclosure must be unavoidable.  Any audio disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it.  Any visual disclosure shall be presented in a manner that stands out in the context in which it is presented, so that it is sufficiently prominent, due to its size and shade, contrast to the background against which it appears, the length of time it appears on the screen, and its location, for an ordinary consumer to notice, read and comprehend it; and

    c.  Regardless of the medium used to disseminate it, the disclosure shall be in understandable language and syntax.  Nothing contrary to, inconsistent with, or in mitigation of the disclosure shall be used in any communication or within any document linked or referenced therein.

2.  **"Corporate Defendant"** means Ryadd, Inc. and its successors and assigns.

3.  **"Defendants"** means the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

4.  **"Face Value"** means the price at which the Ticket is offered for sale by the primary seller in the normal course, including all attendant fees and charges imposed by or required to be collected by the venue, primary seller, or original Ticket issuer, or other entity authorized by the venue, primary seller, or original Ticket issuer, such as, pro-rata license fees, Ticket package fees, bundled add-on fees, services fees, taxes (state, municipal, venue renovation, entertainment, or other levies), or any other charges.

5.  **"Individual Defendants"** means Ryan J. Bagley and Charles A. Lineberry, individually or collectively.

6.  **"Primary Ticket Site"** means an Internet webpage or Internet website owned or maintained by a venue, primary seller, original Ticket issuer, or other entity authorized by the venue, primary seller, or original Ticket issuer to sell Tickets at their current Face Value.

7.  **"Resale Ticket(s)"** means any Ticket(s) sold by an individual or entity other than the venue, primary seller, original Ticket issuer, or other entity authorized by the venue, primary seller, or original ticket issuer to sell a Ticket at its current Face Value.

8. **"Resale Ticket Site"** means an Internet webpage or Internet website whose primary purpose is the offering of Resale Tickets for sale to the public.

9. **"Ticket(s)"** means any paper ticket(s) or electronically transmitted ticket(s) that entitles the bearer to admission to a live entertainment event, including, but not limited to, concerts, sporting events or games, theater performances, simulcast events, or exhibits.

## I.

## PROHIBITED REPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, or promotion of Resale Tickets are permanently restrained and enjoined from:

A.  Using the word "official," or any phrase containing the word "official," such as official website, official tickets, or official source,  including any alternate spellings thereof, in search engine advertisements, actual or display URL's, websites, webpages, or any other forms of advertising for Resale Tickets or Resale Ticket Sites, except to the extent that the word "official" is part of the name of a venue, stadium, arena, theater, performing arts center, center, event, tour, performer, or sports team, or where a venue, stadium, arena, theater, performing arts center, center, event, tour, performer, sports team, primary seller, or original ticket issuer has authorized the Resale Ticket Site to sell Resale Tickets on its behalf; or

B.  Using the name of any venue, stadium, arena, theater, performing arts center, center, event, tour, performer, or sports team, including any partial or alternate spellings thereof, in any actual or display URL in any search engine advertisement for Resale Tickets or Resale Ticket Sites, except where: (1) such name is presented only within the subdirectory or subfile portion of such actual or display URL (i.e., after the top level domain and first "/"); or (2) the advertisement containing such actual or display URL clearly indicates through descriptors, brand names, business names, the content of the offer, or other means, that the site is a ticket reseller not affiliated with such venue or other entity; and such advertising does not otherwise violate Part II of this Order.

## II.

## PROHIBITION AGAINST MISREPRESENTING RESALE TICKET SITES AS PRIMARY TICKET SITES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, or promotion of Resale Tickets, are permanently restrained and enjoined from misrepresenting, expressly or by implication, that a Resale Ticket Site is a Primary Ticket Site or that a Resale Ticket Site is offering tickets at Face Value, unless authorized by the venue, primary seller, or original ticket issuer, whether through:

A.  The use of names (including alternate spellings thereof), images, photos, depictions, or illustrations of venues, stadiums, arenas, theaters, performing arts centers, centers, events, tours, performers, or sports teams in search engine

advertisements, actual or display URL's, websites, webpages, or any other forms of advertising;

B.    The use of terms such as box office, arena, stadium, theater, performing arts center, or center in any such advertising; or

C.    Any other means.

Nothing in this Part shall prohibit the truthful and non-misleading use of any such names, terms, images, photos, depictions, or illustrations.

## III.

### PROHIBITION AGAINST OTHER MATERIAL MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, or promotion of Resale Tickets offered for sale through any Resale Ticket Site owned or operated, in whole or in part, by any Defendant, are permanently restrained and enjoined from misrepresenting, expressly or by implication, any material information regarding a Resale Ticket or Resale Ticket Site, *provided that* the content or display of such material information is within the control of Defendants, Defendants' officers, agents, servants, employees, or attorneys, or any other persons in active concert or participation with any of them, who receive actual notice of this Order.

## IV.

### PROHIBITION AGAINST FAILING TO
### DISCLOSE MATERIAL INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, or promotion of Resale Tickets through any Resale Ticket Site, are permanently restrained and enjoined from failing to disclose, clearly and prominently on (1) the ticket listing page (i.e., where specific tickets are offered for sale) and (2) the payment authorization page of such site, that: (a) the site is a resale marketplace and not a venue or box office; (b) the Ticket price may exceed Face Value; and (c) the site is not owned by the venue, sports team, performer, or promoter (as applicable). *Provided that*, where a search engine advertisement contains an actual or display URL that sends a consumer directly to a Resale Ticket Site that offers tickets to a single venue, performer, team or event, then such information also shall be disclosed, clearly and prominently, on the initial page to which users are directed via such search link.

## V.

### STATE MONETARY RELIEF

IT IS FURTHER ORDERED that:

A.    Defendants shall pay the State of Connecticut Five Hundred Fifty Thousand
      Dollars ($550,000.00) no later than thirty (30) days after the date of entry of this
      Judgment. Said settlement payment shall be used by the State for complaint
      resolution programs, consumer education, and consumer protection enforcement

and litigation, and shall be placed in, or applied to, accounts dedicated to those

purposes. Defendants have no right to challenge any actions the State or its

representatives may take pursuant to this Subsection.

B.     Defendants relinquish dominion and all legal and equitable right, title, and interest

in the funds that constitute such payment and may not seek the return of any

portion of such payment.

## VI.

### ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this

Order:

A.     Each Defendant, within 7 days of entry of this Order, must submit to the

Commission and the State an acknowledgment of receipt of this Order sworn

under penalty of perjury.

B.     For 3 years after entry of this Order, each Individual Defendant for any Resale

Ticket business that such Defendant, individually or collectively with any other

Defendants, is the majority owner or controls directly or indirectly, and the

Corporate Defendant, must deliver a copy of this Order to: (1) all principals,

officers, directors, and LLC managers and members; (2) all employees, agents,

and representatives who participate in the advertising, marketing, or promotion of

Resale Tickets or Resale Ticket Sites; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission and the State as follows:

A.     One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and the State may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which each Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is

in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission and the State.

2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, to the Commission and the State within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such

Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.    Each Defendant must submit to the Commission and the State notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission or the State required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: Ryadd, Inc., et al Consent Order.

F.    Unless otherwise directed by a State representative in writing, all submissions to the State pursuant to this Order must be emailed to DCP.Commissioner@ct.gov

and to attorney.general@ct.gov, or sent by overnight courier (not the U.S. Postal

Service) to:  Commissioner of Consumer Protection, 165 Capitol Avenue,

Hartford, CT 06106 with a copy to the Attorney General, 55 Elm Street, Hartford,

CT, 06106, sent by the same manner. The subject line must begin:  Ryadd, Inc., et

al. Consent Order.

## VIII.

### RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years

after entry of the Order, and retain each such record for 5 years.  Specifically, the Corporate

Defendant and each Individual Defendant for any Resale Ticket business that such Defendant,

individually or collectively with any other Defendants, is a majority owner or controls directly or

indirectly, must create and retain the following records:

A.    Accounting records showing the revenues from all goods or services sold;

B.    Personnel records showing, for each person involved in the advertising,

marketing, or promotion of Resale Tickets or Resale Ticket Sites, whether as an

employee or otherwise, that person's: name; addresses; telephone numbers; job

title or position; dates of service (including, if applicable, the date of termination);

C.    Records of all consumer complaints and refund requests received by Defendants

from any source or through any medium concerning acts or practices subject to

this Order, and any response;

D.   Records demonstrating compliance with each provision of this Order, including all submissions to the Commission and the State; and

E.   Records reflecting each materially different advertisement or other marketing material.

## IX.

### COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

A.   Within 14 days of receipt of a written request from a representative of the Commission or the State, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission or the State are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.  *Provided that* Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.   For matters concerning this Order, the Commission or the State are authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission and the State to interview any employee or other person affiliated with any Defendant who has agreed to such an interview on any matters regarding any conduct subject to this Order. The person interviewed may have counsel present.

C.   The Commission and the State may use all other lawful means to monitor Defendants' compliance with this Order, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1 or the State's lawful use of compulsory process, pursuant to any statute or regulation permitting the use of compulsory process, including section 42-110d of the Connecticut General Statutes.

## X.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this 12 day of _August_, 2014.

/s/ ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

FOR THE FEDERAL TRADE
COMMISSION:

*Dean C. Graybill*

DEAN C. GRAYBILL


*Mamie Kresses*

MAMIE KRESSES
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue
Room NJ-3212
Washington, DC 20580
Tel: (202) 326-3082 (Graybill)
     (202) 326-2070 (Kresses)
Fax: (202) 326-3259
dgraybill@ftc.gov; mkresses@ftc.gov


FOR THE STATE OF
CONNECTICUT:


JONATHAN J. BLAKE
Assistant Attorney General


MATTHEW F. FITZSIMMONS
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5400; Fax: (860) 808-5593
Jonathan.Blake@ct.gov; Matthew.Fitzsimmons@ct.gov

FOR THE DEFENDANTS:


RYAN J. BAGLEY
Individually and as Co-Chief Executive
Officer of RYADD, INC.


CHARLES A. LINEBERRY
Individually and as Co-Chief Executive
Officer of RYADD, INC.


RICHARD L. ROSEN
MATTHEW SHULTZ
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
Tel: (202) 942-5499 (Rosen)
202) 942-6147 (Shultz)
Fax: (202)942-5999
Richard.Rosen@aporter.com
Matthew.Shultz@aporter.com
Attorneys for Defendants
Ryadd, Inc., Ryan J.Bagley, and
Charles A. Lineberry